**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE and BILL NELSON FOR U.S. SENATE,

Plaintiffs,

Case No. 4:18-cv-00528-MW-MJF

v.

KENNETH W. DETZNER, in his official capacity as Florida Secretary of State, *et al*.,

Defendants.
________________________________/

**THE NATIONAL REPUBLICAN SENATORIAL**
**<u>COMMITTEE'S EMERGENCY MOTION TO INTERVENE</u>**

Pursuant to Federal Rule of Civil Procedure 24 and Local Rule 7.1(L), the National Republican Senatorial Committee ("NRSC") respectfully moves to intervene in this case to oppose the relief requested by Plaintiffs.

**Background**

This case concerns the recent general election contests in Florida held on November 6, 2018. Among those contests is one for the United States Senate, between incumbent Senator Bill Nelson, a Democrat, and Florida Governor Rick Scott, a Republican. Returns indicate that Governor Scott received a majority of

the votes. With recounts underway, this litigation asks the Court to cancel the recount and certification deadlines in Florida law—deadlines that even Florida's most populous county will comfortably meet. Plaintiffs ask the Court to disrupt and delay Florida's statewide electoral process in hopes that more time will help them overcome an electoral deficit. This Court should reject the invitation to rewrite Florida election law to advance this purpose.

The NRSC is the national organization that supports and assists Republican candidates for the U.S. Senate. It has provided and continues to provide support and assistance to Governor Scott in his campaign for the U.S. Senate. It seeks to intervene here and to participate at the hearing in this matter to oppose Plaintiffs' extraordinary and unlawful attempt to disrupt and delay Florida's statewide recount process by enjoining the deadlines that assure the orderly and final resolution of Florida's elections.

**Grounds for Intervention**

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as a matter of right and permissive intervention. *See, e.g.*, *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1339 (11th Cir. 1999). The NRSC is entitled to intervention as a matter of right. Alternatively, this Court should allow permissive intervention.

To intervene as a matter of right, the moving party must demonstrate that: (1) its motion to intervene is timely; (2) it has an interest relating to the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. *Id.* at 1339–40 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). If a moving party satisfies these four requirements, the district court must allow intervention. *Chiles*, 865 F.2d at 1213. The NRSC satisfies each requirement.

*First*, this motion is timely. Plaintiffs filed this litigation only yesterday. Intervention will not delay or prejudice the adjudication of the original parties' rights in any way.

*Second*, the NRSC has an interest relating to the relief Plaintiffs seek. As the national organization that assists and supports Governor Scott's campaign for the U.S. Senate, the NRSC has a direct interest in the outcome of litigation brought by Senator Nelson's campaign to invalidate the recount and certification deadlines established more than a decade ago by the lawmaking branch of government.

*Third*, the relief Plaintiffs seek would impair and impede the NRSC's ability to protect these interests. Through their motion, Plaintiffs seek to enjoin the Defendants from complying with their statutory duties with respect to the completion of recounts and the certification of election results. Changing the

statutory deadlines will disrupt and delay Florida's entire statewide electoral process and jeopardize public confidence in the election process. The NRSC's interest is to assure compliance with Florida's election laws. The relief that Plaintiffs seek would deny Governor Scott the right to an election decided according to the established laws of Florida—laws duly enacted by the Florida Legislature to uphold the finality and integrity of the electoral process.

*Fourth*, no other party adequately represents the NRSC's interests in this action. To be sure, the Secretary of State has an abiding interest in the faithful execution of state election laws. The NRSC, however, has an interest in the outcome of the election that the Secretary of State does not, as the NRSC seeks to support and assist one of the two major-party candidates for the U.S. Senate. The NRSC should therefore be permitted to intervene in litigation that was brought on behalf of Senator Nelson, the opposing candidate for the U.S. Senate.

For these reasons, the NRSC satisfies the criteria for intervention as a matter of right. Alternatively, if this Court denies intervention as a matter of right, it should grant permissive intervention under Rule 24(b)(1). *See Chiles*, 865 F.2d at 1213. Courts regularly permit political parties and affiliated organizations to intervene in election disputes implicating their interests. *See, e.g.*, *Trinsey v. Com. of Pa.*, 941 F.2d 224, 226 (3d Cir. 1991) (Democratic and Republican State Committees given leave to intervene in suit against State regarding vacant U.S.

Senate seat); *Pierce v. Allegheny Cty. Bd. of Elections*, 324 F. Supp. 2d 684, 709 (W.D. Pa. 2003) (Republican candidate sued county board of elections and Democratic State Committee intervened in support of board). This timely motion demonstrates that the NRSC's defenses share common factual and legal questions with the main action and do not interject unrelated questions. The Court should accordingly permit NRSC to intervene here.

**WHEREFORE**, the NRSC respectfully requests entry of an order granting it leave to intervene, and permitting it to participate, through counsel and by telephone, in any hearing on Plaintiffs' motion.

## CERTIFICATE OF CONFERRAL

Undersigned counsel conferred with counsel for Plaintiffs regarding the relief sought in this motion. Plaintiffs take no position.

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this motion contains 884 words.

Respectfully submitted,

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
George T. Levesque (FBN 555541)
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida 32302-3189
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
george.levesque@gray-robinson.com

R. Eric Bilik (Fla. Bar No. 0987840)
ebilik@mcguirewoods.com
Kimberly T. Mydock (Fla. Bar No. 100571)
kmydock@mcguirewoods.com
McGuireWoods LLP
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Tel: (904) 798-3200
Fax: (904) 798-3207

John D. Adams
(Pro Hac Vice Forthcoming)
jadams@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 E. Canal Street
Richmond, Virginia 23219-3916
Tel: (804) 775-1000
Fax: (804) 775-1061

Jonathan F. Cohn (pro hac vice application forthcoming)
Eric D. McArthur (pro hac vice application forthcoming)
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, D.C. 20005
Telephone: 202-736-8000
jfcohn@sidley.com
emcarthur@sidley.com

*Attorneys for the National Republican Senatorial Committee*