UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE, and BILL NELSON FOR U.S. SENATE,

Plaintiffs,

v.

KENNETH W. DETZNER, in his official capacity as Florida Secretary of State, the FLORIDA ELECTIONS CANVASSING COMMISSION and RICK SCOTT, PAMELA BONDI, and JIMMY PATRONIS, in their official capacity as members of the Florida Elections Canvassing Commission

Defendants.

Case No. 4:18-cv-00528-MW-MJF

**DEFENDANT SECRETARY OF STATE KENNETH DETZNER'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION**

The State has a compelling interest in (1) in counting the votes of eligible voters and not diluting those eligible votes through the inclusion of ineligible votes; (2) preventing delays in the election administration process; (3) avoiding confusion in the election administration process; (4) preventing errors in the election administration process; and (5) protecting the long-term integrity and legitimacy of the election process and representative democracy through appropriate time, manner, and place restrictions—through the use of appropriate

safeguards. *See Crawford v. Marion County Election Bd.*, 553 U.S. 181, 196-97 (2008); *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006).

The *Anderson-Burdick* standard, as it is called, ordinarily governs when parties raise comingled, election-related claims under the First and Fourteenth Amendments. This standard seeks to balance the burdens that election laws impose on the right to vote with the justification for those burdens. *See Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983); *Burdick v. Takushi*, 504 U.S. 428, 433 (1992).[1] The challenged deadlines are more than justified by the legitimate state interests described above.

[1] In considering the level of scrutiny to apply when considering a challenge to an election law, the *Anderson-Burdick* standard states that this Court "must weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiff's rights.'" *Burdick*, 504 U.S. at 434 (quoting *Anderson*, 460 U.S. at 789). "This standard is sufficiently flexible to accommodate the complexities of state election regulations while also protecting the fundamental importance of the right to vote." *Obama for Am. v. Husted*, 697 F.3d 423, 429 (6th Cir. 2012). When voting rights are subjected to "severe" restrictions, the regulation at issue must be "'narrowly drawn to advance a state interest of compelling importance.'" *Norman v. Reed*, 502 U.S. 279, 289 (1992). The test is accommodating enough to subsume the rational basis test that would ordinarily apply in an Equal Protection context. *Ne. Ohio Coal. for the Homeless v. Husted*, 696 F.3d 580, 592 (6th Cir. 2012). The restrictions at issue here are not severe. A rational basis review applies.

These issues are addressed more comprehensively in DE 25, filed earlier this evening. To avoid duplicative papers and promote judicial economy, the Secretary joins only in the substantive arguments in DE 25.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

The undersigned further certifies that this filing complies with the size, font, and formatting requirements of Local Rule 5.1(C), and that this filing complies with the word limit in Local Rule 7.1(F) because it contains 416 words, excluding the case style, signature block, and certificates.

***

Respectfully submitted by:

BRADLEY R. MCVAY (FBN 79034)
*Interim General Counsel*
brad.mcvay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 48032)
*Deputy General Counsel*
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
(850) 245-6536 / (850) 245-6127 (fax)

*/s/ Mohammad O. Jazil*
MOHAMMAD O. JAZIL (FBN 72556)
mjazil@hgslaw.com
GARY V. PERKO (FBN 855898)
gperko@hgslaw.com
MALCOLM N. MEANS (FBN 0127586)
mmeans@hgslaw.com
HOPPING GREEN & SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
(850) 222-7500 / (850) 224-8551 (fax)

Dated: November 14, 2018

***Counsel for the Secretary of State***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system to the following on this 14th day of November, 2018.

*/s/ Mohammad O. Jazil*

Attorney